Ruffin, C. J.
 

 The Court has several times expressed disapprobntion of the manner of reporting adopted in this case. The Master ought not to refer back to the Court a point, which the Court has expressly referred to him, or which is necessarily involved in the enquiry he was directed to make. It is much more convenient and renders the proceedings more direct and concise, that the Master should decide every question directly, and leave it to the parties, if dissatisfied, to bring the matter up for the decision of the Court by an exception. If, therefore, this were a report made by our own officer, under a reference in this Court, we would not act on it, but direct it to be put into the proper form. But, as the report was made in the Court below and was received there, and the case sent here upon the single point raised in the report, and has been brought on by counsel for a decision without objection, we think it best, perhaps, to proceed in the case in its present shape, especially as the point itself seems to be so plain, that it is not necessary to put the parties to further expense about it.
 

 The Court is opinion, that the three defendants are entitled to credit in their administration account for the amount of the three bonds in question. The objection to it is founded upon the notion, that the distributive share of Mrs. Clement in her father’s estate vested in the testator, as her husband : at least, to the extent of his debts to the estate or to the administrator. But that is a mistake. A debt, legacy, or distributive share 'of the wife is under the control of the husband, so far as to empower him to release, assign, or receive them. His release ex
 
 *388
 
 tinguishes them, and the collection of the money vests it in him as his absolute property. But if, in his life-time, he neither releases, conveys, nor receives her choses in action, but leaves them outstanding, they belong to the-surviving wife. If, therefore, the testator, in this case, had not owed the debts in question, it could not be argued, that the wife, on the death of her husband, was not entitled to the distributive share of her father’s personalty. That he owed those debts can make no difference. It is probable the husband might have formed an expectation, that, in settling with Cozort’s administrator for his wife’s distributive share, his own debts would be discharged by their being discounted or set off in such settlement. But that was a mere expectation in the testator’s own mind, dependent upon the events, that he should not otherwise have paid the residue of those debts, as he had a part, and that he should live to make the settlement. It is certain, that he did not consider his bonds paid
 
 in presentí,
 
 by being set off against so much of his wife’s distributive share. Indeed, it does not appear, that any arrangement whatever, had even been talked of between the administrator or himself on that subject, or that the testator had expressed an opinion on purpose to appropriate to the discharge of those debts an equal sum out of the distributive share. It was not known what the distributive share would be or any thing near it, when the debts were contracted, nor even at the death of Simon Clement, which happened before the estate was settled or the time for making a settlement of it had arrived. There was, then, nothing done by the testator, or that occurred in his life time, that could affect the operation of the rule of law, by which a distributive share outstanding, survives-to-a wife. The circumstances that the widow herself received the money and her husband’s bonds afterwards, and gave a refunding bond in which it is stated, that she received them as executrix of her late husband, does not change the right. It does not appear,
 
 *389
 
 that the husband professed to dispose of that interest in his will, or that there was any thing else to' put Mrs. Clement to an election, by which she should give up her distributive share. Without something of that sort, it is apparent that it was a mere mistake to suppose, that the Share belonged to the husband, instead of herself; and that mistake' cannot preclude her, upon its discovery, from claiming her real rights.
 

 Upon the question submitted
 
 by
 
 the Master, it must therefore be declared, that the defendants are entitled to credit for the amount due on the' testator’s bonds at the' time they were taken up by Mrs. Clement, and interest thereon from that time, according to the first account anexed to the report.
 

 There will' be a decree for the plaintiffs according to that amount. The decree will be with costs against the' defendants, because the executrix returned no ínvéntory, amount of sales, nor accounts óf the ádministration, before the bill filed, which was upwards of four years after' the testator’s death»-
 

 Per Curiam.
 

 Decree accordingly.